THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ROBERTO GONZÁLEZ OLIVERO, Defendant and Appellant.

No. CR-71-132.      Decided May 19, 1972.

*M. Martínez Umpierre* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was found guilty of the offense of perjury defined in § 117 of the Penal Code, 33 L.P.R.A. § 421.[1] He was sentenced to serve a penalty of from 1 to 3

---

[1] The text of the information is the following:

"Because the aforesaid defendant ROBERTO GONZÁLEZ OLIVERO, on or about December 3, 1968, and in Arecibo, Puerto Rico, which is a part of the Superior Court of Puerto Rico, Arecibo Part, in the criminal case of The People of Puerto Rico versus Diego Polanco Cortés, for a violation of § 29 of the Narcotics Act (Three Counts), Criminal Number 68-319, 320, and 321, and during the act of the trial which was held on the aforementioned date before the Superior Court of Puerto Rico, Arecibo Part, presided by the Superior Judge, Herminio Miranda, Jr., said court having jurisdiction to decide and determine as to the guilt or innocence of the aforementioned defendant Diego Polanco Cortés, in an illegal, voluntary, malicious, and criminal manner, testifying as defendant's witness for the defense, after having legally taken oath in open court and before the Deputy Clerk of this Court, Mrs. Dámaris Román, officer authorized by law to take oaths of the witnesses in the Superior Court of Puerto Rico, Arecibo Part, and said defendant Roberto González Olivero having sworn

years in the penitentiary, sentence which was suspended under certain conditions.

Appellant alleges as sole error that the trial judge refused to discharge the jury. It appears that one of the jurors, Ángel Ortiz Ortiz, had witnessed (apparently as a spectator) a previous trial in which defendant herein had testified in a perjured manner as it is alleged in the information of the instant case. Ortiz Ortiz informed this fact to the court, through the marshal, when the trial had not yet commenced. Ortiz was called to testify in regard to his presence in the previous case and on his capacity to judge the defendant in an impar-

---

to testify the truth and nothing but the truth of what he would be asked as witness for the defense, there and then, in the form and manner described above, testifying in the witness stand as witness for the defense, testified under oath as a certain and truthful fact, the fact that the defendant Diego Polanco Cortés had been doing ax and shovel work during the daytime of April 26, 1968, under his supervision and direction as employee of the Water Resources Authority of Puerto Rico, in Barceloneta, on the shift from seven until noon and from one to four in the afternoon, testifying also that the aforementioned defendant did not work as Guard or Watchman during the night on the shift from four until midnight of April 26, 1968, which was thus sworn by such defendant from the witness stand in the case to which we are referring, being false, all that with criminal and deceitful intent and knowing that what he testified there in the sense expressed was completely false, for the purpose of unlawfully and improperly influencing the mind of the court presiding in the action, in order to favor the defendant Diego Polanco Cortés, and said defendant being aware that the facts for which he testified were false and at the same time were facts of an essential and material character for the Superior Court of Arecibo to decide on the basis of his false testimony in benefit of the defendant and in prejudice of justice on facts essential for the hearing of the case, seeking to falsely and deceitfully support through his false testimony the defense of alibi, since the evidence of the People of Puerto Rico in the case against Diego Polanco Cortés, for the violation of the Narcotics Act, sought to establish and show that such defendant Polanco Cortés performed a sale and transaction of the narcotic drug known as heroin on April 26, 1968, at 1:45 in the afternoon, to the undercover agent José E. Mojica Otero, for the amount of $10 and as a result of the false testimony under oath given by the defendant in the instant case, Roberto González Olivero, the Superior Court of Puerto Rico, Arecibo Part, through the Superior Judge Herminio Miranda, Jr., acquitted and released the aforementioned defendant Diego Polanco Cortés from all criminal liability."

tial manner. Questioned by the judge and by the defense, the latter requested the discharge of the panel. The judge denied the motion and continued the trial.

██ Within the particular facts of this case the judge did not err in refusing to discharge the jury. In the first place, the personal knowledge of some facts in controversy in the cause, thing which may be very harmful for justice in many cases, does not imply the automatic discharge of the member of the jury, but it merely requires that the matter be declared in the trial and that the juror be questioned so that the judge may determine whether he may act in an impartial manner. Rule 133 of the Rules of Criminal Procedure. All those requirements were complied with in the instant case and we do not find any reason to intervene with the discretion exercised by the judge. *Cf. Piñero Agosto* v. *Superior Court*, 94 P.R.R. 193 (1967). In the second place, the defense could have tried to prevent the prejudice it feared with less drastic remedies than the discharge of the jury, as would have been the challenge for cause under Rule 118 of the Rules of Criminal Procedure; see *People* v. *Morales*, 66 P.R.R. 9, 13 (1946); *People* v. *Torres*, 48 P.R.R. 38, 45 (1935); or the substitution of Ortiz Ortiz by an alternate juror under Rule 127 of the Rules of Criminal Procedure. Finally, the defendant did not show the prejudice which the so-called error caused him.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos took no part in the decision of this case.